UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| DANIEL MORENKO, | : | |
| Plaintiff, | : | Civil Action No. |
| -vs- | : | **PLAINTIFF REQUESTS A** |
| | : | **TRIAL BY JURY** |
| GLOBUS MEDICAL, INC., | : | |
| | : | **COMPLAINT** |
| Defendants. | : | |

Plaintiff, DANIEL MORENKO ("Plaintiff" and/or "Mr. Morenko") by and through his undersigned counsel hereby files this Civil Action Complaint against Defendant GLOBUS MEDICAL, INC., and upon information and belief avers the following:

### NATURE OF THE CASE

Plaintiff complains of interference with and retaliation for exercising his rights under the Family and Medical Leave Act of 1993, as codified, 29 U.S.C. § 2601 *et seq.* ("FMLA") and seeks damages to redress injuries Plaintiff suffered as a result of Defendants' conduct.[1]

### JURISDICTION AND VENUE

1. This action involves a question of federal law under the Family and Medical Leave Act of 1993, as codified, 29 U.S.C. § 2601 *et seq.* ("FMLA").

---

[1] Plaintiff also has a pending claim before the U.S. Equal Employment Opportunity Commission (and dual-filed with the Pennsylvania Human Relations Commission) for disability discrimination based on the same facts detailed herein, and reserves his right to amend this Complaint with those claims arising under the Americans with Disabilities Act and Pennsylvania Human Relations Act once those claims are ripe for inclusion.

1

2.   Venue is proper in the Eastern District of Pennsylvania as Plaintiff was employed by Defendants and worked in the county of Montgomery within the Commonwealth of Pennsylvania where the violations of the FMLA occurred.

## PARTIES

3.   Plaintiff DANIEL MORENKO ("Plaintiff" or "MORENKO") is an adult individual male who resides in the Commonwealth of Pennsylvania.

4.   Defendant GLOBUS MEDICAL, INC. ("Defendant" and/or "GLOBUS") is a foreign business corporation created under and authorized to do business pursuant to the laws of the state of Delaware.

5.   At all times material, Defendant GLOBUS operated and continues to operate a medical device company in the county of Montgomery, headquartered at 2560 General Armistead Avenue, Audubon, PA 19403.

6.   At all times material, Defendant GLOBUS employed Plaintiff at its facility located at 475 N. Lewis Road, Royersford, PA 19468.

7.   At all times material, Plaintiff was qualified for his position with Defendant GLOBUS.

8.   At all times relevant to this complaint, Defendant GLOBUS employed more than fifty people within 75 miles of 2560 General Armistead Avenue, Audubon, PA 19403, and was subject to federal statutes including the FMLA.

## MATERIAL FACTS

9.   Around May 3, 2021, Plaintiff began working for Defendant GLOBUS as a CNC Machine Operator.

10. Plaintiff suffers from alcoholism, which is a recognized disability under the Americans with Disabilities Act of 1990 and interferes with his ability to perform major life activities such as working.

11. Defendant had previously approved leaves of absence at times throughout Plaintiff's career in order to manage his condition, and was aware that he had a serious medical condition.

12. Around March 6, 2026, Plaintiff requested FMLA leave from Defendant GLOBUS for inpatient treatment of his disability for the period of March 2, 2026 to April 14, 2026.

13. Metlife informed Mr. Morenko in response that his request was approved, copying GLOBUS on its approval.

14. The approval was further confirmed in written correspondence dated March 24, 2026.

15. GLOBUS was aware, or should have been aware, that Plaintiff's inpatient treatment required him to surrender his cell phone, and that during said treatment, Plaintiff would not have access to his cell phone, making him unable to receive communications from GLOBUS via email or telephone.

16. Nevertheless, while Plaintiff was undergoing his inpatient treatment, GLOBUS purported to notify Plaintiff that he was allegedly ineligible for FMLA leave, and requested that he contact them to discuss returning to work.

17. Of course, by virtue of his inpatient treatment protocol, which commenced after Plaintiff was informed that his FMLA had been approved, he did not receive these communications from GLOBUS in a timely fashion, and he was unaware of them until after his inpatient treatment concluded on April 4, 2026.

18. On April 4, 2026, Mr. Morenko's inpatient treatment concluded, his cell phone was returned to him, and he soon discovered that GLOBUS had terminated his employment on April 1, 2026, during his previously approved FMLA leave.

19. Plaintiff immediately reached out to GLOBUS to discuss the situation, but his multiple attempts to do so were ignored.

20. If necessary, Plaintiff was able to return to work at the conclusion of his approved leave on April 14, 2026.

21. Defendant accordingly terminated Plaintiff due to his use of FMLA leave.

22. Even if Defendant contends that Plaintiff was actually ineligible for FMLA leave despite their assurances to the contrary and that they had a reasonable basis for their subsequent contention that he was ineligible for leave, the doctrine of equitable estoppel prevents GLOBUS from asserting such. Plaintiff entered the inpatient treatment program in justifiable reliance upon the fact that his FMLA leave had been approved, and therefore, the doctrine of equitable estoppel therefore prevents GLOBUS from denying FMLA leave to Plaintiff.

23. Defendant's actions constituted not only blatant interference with Plaintiff's FMLA rights, but also retaliation for his decision to apply for and take FMLA leave.

24. As a result of Defendant's conduct, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

25. As a result of Defendant's actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

26. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer a loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails.

27. Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

28. Plaintiff has further experienced severe emotional and physical distress.

29. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants, jointly and severally.

30. The above are just some of the examples of the discrimination and retaliation to which Defendants subjected Plaintiff.

31. Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

**AS A FIRST CAUSE OF ACTION FOR INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT**

32. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this complaint as fully as if they were set forth at length.

33. The Family and Medical Leave Act, as codified, 29 U.S.C. § 2615 *et seq.* ("FMLA") prohibits interference with the rights of a covered employee to take FMLA leave.

34. Plaintiff was a covered employee who applied for FMLA leave from Defendants.

35. Defendants unlawfully and willfully interfered with Plaintiff's rights to take FMLA leave.

36. Plaintiff makes claims for all damages available to him as a result of Defendants' interference with his rights under the FMLA.

**AS A SECOND CAUSE OF ACTION FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT**

37. Plaintiff hereby incorporates each and every allegation contained in the above paragraphs of this complaint as fully as if they were set forth at length.

38. The Family and Medical Leave Act, as codified, 29 U.S.C. § 2615 *et seq.* ("FMLA") prohibits retaliation against a covered employee who exercises their rights under the FMLA.

39. Plaintiff was a covered employee who applied for FMLA leave from Defendants.

40. Defendants retaliated against Plaintiff by terminating him following his use of approved FMLA leave to treat a serious medical condition.

41. Plaintiff makes claims for all damages available to him as a result of Defendants' unlawful retaliation against him for exercising his rights under the FMLA.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, including but not limited to, all emotional distress, back pay, front pay, punitive damages, liquidated damages, statutory damages, attorney's fees, costs, and disbursements of action; and, for such other relief as the Court deems just and proper.

Dated: July 13, 2026

**FREUNDLICH & LITTMAN, LLC**

*Attorneys for Plaintiff Daniel Morenko*

By: /s/ Nathaniel N. Peckham, Esq.
Nathaniel N. Peckham, Esq.
1425 Walnut Street, Suite 200
Philadelphia, PA 19102
P: (215) 545-8500
F: (215 545-8510
E: nathaniel@fandllaw.com